UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW HOWARD TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1199-SNLJ |
| | ) |
| STAN PAYNE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of pro se plaintiff Andrew Howard Turner, an inmate incarcerated at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.20. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $61.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.20, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this complaint under 42 U.S.C. § 1983 against the following officials at ERDCC: Stan Payne, Warden; Miss Kopp, Chief Medical Health; Miss Lindell, Nurse; Michelle Dalton, Caseworker; Mr. Barker, Caseworker; Miss Cruz, Functional Unit Manager; and Matthew Down, Investigator. Plaintiff states that from June 16 to June 19, 2018, he prepared a grievance against dental staff at ERDCC for "tampering." Plaintiff believes that in February of 2015, a dentist in the prison system planted a "transmitter" in two of his teeth during what was supposed to be a cavity filling.[1]

Before filing his grievance, however, defendant Miss Lindell, a medical department health counselor, said she was told to evaluate plaintiff for mental health issues. According to plaintiff's complaint, the following interaction took place:

> MISS LINDELL question: Do you believe that there are transmitters in your mouth? I Andrew Turner answer: That is a question that the UNITED STATES COURTS will resolves! So MISS LINDELL question: When do you believe the device[s] were place[d] in your mouth? I Andrew Turner answered: My grievance state[s] the date . . . MISS LINDELL quoted Feb. 2015. I again inform[ed] her that the court is to resolve [th]is problem and that the 1983 lawsuit I just completed right before the summon. MISS LINDELL continue with the same question: Do you believe th[ere] [are] transmitters in your mouth? I Andrew Turner answered: The Medical Dental Filling room is directly next to us for her own evaluation evident and that Nurse Rachel issue copies several years back. MISS LINDELL immediately got on E.R.D.C.C. radio ordering C.O.I's to handcuff me for Close Hospital Observation. In the next moment one white shirt sgt. And two ex-military blue shirts C.O.I's surrounded me as I stayed cool, calm, and composed in the seat. I addressed MISS LINDELL that the Administration here at E.R.D.C.C. is doing this for perceptive in court and by who authority that this command was ordered. I was escorted to 2 H.U. hold and there one of the ex-military C.O.I. by hand placed my civil right complaint 1983 lawsuit in 2 H.U. mailbox as I watch handcuff being victimized retroactively.

---

[1] Plaintiff filed a separate § 1983 case on June 22, 2018, arising out of these allegedly implanted transmitters. The Court dismissed the case on initial review under *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). *See Turner v. Steele*, No. 4:18-CV-1033-ACL (E.D. Mo. filed Jul. 16, 2018).

For relief plaintiff seeks the following:

> Punitive damages: Redemptionists assert his own legal interests that by completing certain legal maneuver and filing a series of government forms, the litigation arbitrators may entitle himself to the $630,000 (the government created a fictitious person or strawman) corresponding to each new born citizen with bank accounts initially holding $630,000.

**Discussion**

Plaintiff has not asserted any plausible legal theory under § 1983 against defendants for violation of his constitutional rights. To the extent he is arguing that a dentist in the prison system planted transmitters in two of his teeth, this issue was found frivolous in his prior case, *Turner v. Steele*, No. 4:18-CV-1033-ACL (E.D. Mo. filed Jul 16, 2018). To the extent plaintiff is alleging a violation of his right to access the courts, this claim is belied by plaintiff's factual account of the correctional officer mailing his § 1983 complaint. Furthermore, the Court filed plaintiff's prior § 1983 complaint, and has already resolved the case. *Id.*

Because plaintiff's complaint does not allege any violation of any constitutional rights by defendants, the Court will dismiss the complaint on initial review under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $12.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint as the complaint is legally frivolous.

An separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of December, 2018.

                                                    STEPHEN N. LIMBAUGH, JR.
                                                  UNITED STATES DISTRICT JUDGE